UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS EARL DORSEY, JR., | ) |
| | ) CASE NO. C12-2258-JCC-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) THIRD REQUEST FOR |
| DR. DAVID FLEMING, et al., | ) APPOINTMENT OF COUNSEL |
| | ) |
| Defendants. | ) |
| | ) |

This matter comes before the Court on plaintiff's third request for appointment of counsel. The first two requests were denied on March 7, 2013. (Dkt. 15) The Court, having reviewed plaintiff's third request for appointment of counsel and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's third request for appointment of counsel (Dkt. 48) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d

1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) As is the case with several other recently filed motions, plaintiff has failed to serve a copy of this motion on opposing counsel and to include a Certificate of Service with this motion. *See* Civil Rule of Federal Procedure 5(b)(1) and (2). Plaintiff is advised, once again, that all filings with this Court must be served on opposing counsel via first-class mail, and a certificate declaring that service has been accomplished must be attached. Any future motions that plaintiff files that does not comply with this rule will be stricken.

(3) The Clerk shall direct copies of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 18th day of June, 2013.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S THIRD
REQUEST FOR APPOINTMENT OF COUNSEL
PAGE -2