UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS EARL DORSEY, JR., | CASE NO. 2:12-CV-02258-JCC-MAT |
| Plaintiff, | REPORT & RECOMMENDATION |
| v. | |
| DAVID FLEMING, *et al.*, | |
| Defendants. | |

Plaintiff Dennis Earl Dorsey, Jr., brings this 42 U.S.C. § 1983 civil-rights action alleging that while a pretrial detainee the fifteen named defendants exposed him to unconstitutionally severe jail conditions and exhibited deliberate indifference to his serious medical needs. (Dkt. 13.) The Court recommends **GRANTING** defendants' motion to dismiss and (1) **DISMISSING** without prejudice the claims against seven defendants based on Mr. Dorsey's failure to exhaust administrative remedies prior to bringing this lawsuit as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (2) **DISMISSING** with prejudice the claims against seven defendants for failure to state a claim upon which relief may be granted; and (3) **DISMISSING** without prejudice the claims against a named defendant who

REPORT & RECOMMENDATION - 1

was not served within 120 days. Alternatively, the matter may be dismissed without prejudice for failure to prosecute based on Mr. Dorsey not updating his current address as required by LCR 41(b)(2).

## BACKGROUND

The Court declined to serve Mr. Dorsey's original complaint but granted leave to amend. (Dkt. 10.) In his amended complaint, Mr. Dorsey named fifteen defendants, all associated to the King County jails (in Seattle and Kent) as officers or health professionals.[1] (Dkt. 13.) Mr. Dorsey alleges: (1) he "was in severe pain" when he entered the Seattle facility and "Jail Staff" would not let him have his medications for "[d]ays and mont[h]s"; (2) he was not allowed to take a shower at various times; (3) he was deprived of a "Neck Brace[] and Right Leg Boot"; (4) he continued to be in "severe pain" after his transfer to the Kent facility and needed "an M.R.I. so I can find out [what] I need"; and (5) "The staff keep g[i]ving me medications that I have [a]llergies to[]," including on December 20, 2012, when staff gave him "[b]ad medications[] [b]ecause they [d]i[d] not want to g[i]ve me my pain meds." (Dkt. 13, at 3; *see* Dkt. 13, at 5–12 (referring to named defendants' conduct).) Mr. Dorsey seeks "$3 million for damages to my bones of the pain and suffering, and each one of the staff pay me $175,000 for harassment and for violat[ing] my constitution[al] right for medical of my hip, shoulder, knee, back, leg, neck, and my joints that I could had[] fix I even have pain when I'm lying down." (Dkt. 13, at 4.)

---

[1] Fourteen defendants filed waivers of service: (1) David Fleming; (2) Ben Sanders; (3) Jennifer Jones-Vanderleest; (4) Roger Higgs; (5) Richard Pennington; (6) Patrick Kuritz; (7) Glenn McGloughlin; (8) Julia Goodwin; (9) Pamela Dunderdale; (10) Maria Llantada; (11) Nancy Ledgerwood-VanVleck; (12) Lisa Townsend-Vickers; (13) Lorenzo Jones; and (14) Antonio Anderson. (Dkts. 24–37.) The fifteenth defendant, identified by plaintiff as "Mr. Harvey," is unknown to the other named defendants and was never served. Where possible, the Court uses the names of the defendants who filed waivers of service rather than Mr. Dorsey's more incomplete or inaccurate identifiers.

REPORT & RECOMMENDATION - 2

In May 2013, defendants filed a motion to dismiss due to lack of PLRA exhaustion and for failure to state a claim, and provided contemporaneous notification that the failure to respond sufficiently could lead to dismissal of the case before trial. (Dkts. 41, 44); *see Woods v. Carey*, 684 F.3d 934, 934 (9th Cir. 2012). Mr. Dorsey declined to respond to defendants' motion to dismiss, instead filing several motions not served on defendants, and the Court denied a third motion to appoint counsel. (*See* Dkts. 45, 46, 47, 48, 50, 51, 52.) The Court struck and returned Mr. Dorsey's omnibus motion for lack of service, and also cautioned Mr. Dorsey against sending the Court used medical supplies, including a blood-saturated piece of gauze. (Dkt. 51, at 1–2.)

In July 2013, Mr. Dorsey left a voicemail message with the Court in which he indicated that he was in the hospital and was recently on life support. (Dkt. 53, at 1.) Due to Mr. Dorsey's stated, serious medical condition, the Court *sua sponte* renoted defendants' motion to dismiss for August 30, 2013, and informed him that should his medical condition necessitate additional time to file a responsive brief, he should consider filing a motion to stay proceedings. (*Id.*) On July 29, 2013, the Court's order renoting defendants' motion to dismiss was returned as undeliverable. (Dkt. 54.) Since that date, Mr. Dorsey has filed no additional materials, i.e., no response to the motion to dismiss and no information about his current address.

## DISCUSSION

Although Mr. Dorsey did not refile his stricken motions, for purposes of the current motion to dismiss, the Court has taken into account the entirety of the record, including the stricken omnibus motion in which Mr. Dorsey stated in a conclusory fashion that he fully exhausted administrative remedies and referred to attached grievances. (Dkt. 50, at 2; *see, e.g.*, Dkts. 50-1, 50-2.) The Court finds that defendants have demonstrated that Mr. Dorsey did not satisfy PLRA exhaustion for his identifiable claims and has failed to state any other plausible

1 claims. Defendant "Mr. Harvey" was not adequately identified and was not properly served.
2 The Court also finds that Mr. Dorsey has failed to prosecute his case by updating his address as
3 required by LCR 41(b)(2).

### 1. No PLRA Exhaustion: Defendants Llantada, Goodwin, Higgs, Dundersale, Townsend-Vickers, Jones, and Kuritz

The PLRA created a requirement that prisoners exhaust administrative remedies within the prison grievance system before filing a civil-rights lawsuit regarding prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). According to the United States Supreme Court, such "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The exhaustion requirement applies even where the relief sought—monetary damages—cannot be granted by the administrative process. *Id.* at 85; *Booth v. Churner*, 532 U.S. 731, 733 (2001). If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Failure to satisfy the PLRA exhaustion requirement is an affirmative defense as to which the defendant has the burden of proof. *Wyatt*, 315 F.3d at 1119.

Seven defendants have carried their burden of showing that Mr. Dorsey did not satisfy the PLRA exhaustion requirement before bringing this lawsuit. Although Mr. Dorsey refers to numerous filed grievances, defendants have shown that Mr. Dorsey either did not grieve certain conduct alleged in the amended complaint, did not appeal the initial denials of his grievances, did not refer to a named defendant during the grievance process, or did not refer to a named defendant with respect to culpable conduct in the complaint. (Dkt. 41, at 5–7.) The claims

REPORT & RECOMMENDATION - 4

against defendants Llantada, Goodwin, Higgs, Dundersale, Townsend-Vickers, Jones, and Kuritz should thus be dismissed without prejudice for failure to satisfy PLRA administrative exhaustion. (Dkt. 13, at 5, 6, 7, 8, 9.)

**2. Failure to State a Claim**

The claims against the other named and served defendants should be dismissed for failure to state a claim.[2]

**a. Defendants Anderson, McGloughlin, Jones-Vanderleest, Ledgerwood, and Pennington**

The claims against defendants Anderson, McGloughlin, Jones-Vanderleest, Ledgerwood, and Pennington should be dismissed because they are not alleged to have committed any culpable conduct.

**b. Defendants Sanders and Fleming**

Mr. Dorsey alleges that Dr. Sanders (Medical Director of Jail Health Services) and Dr. David Fleming (Director of the Department of Health) are liable entirely under a theory of supervisory liability that is disallowed in § 1983 cases. (Dkt. 13, at 11–12.) The claims against Drs. Sanders and Fleming should be dismissed for failure to state a claim.

---

[2] To sustain a § 1983 action, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978). To go beyond the respondeat superior theory of liability, a plaintiff must demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, and rigorous standards of culpability and causation are applied. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403, 405 (1997).

### 3. Dismissal of Defendant Never Served: "Mr. Harvey"

Mr. Dorsey did not provide sufficient information for the Court to properly serve defendant "Mr. Harvey" within 120 days of the amended complaint's filing and the other named defendants are not acquainted with "Mr. Harvey." The claims against "Mr. Harvey" should be dismissed. *See* Fed. R. Civ. P. 4(m).

### 4. Failure to Prosecute

LCR 41(b)(2) provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

More than sixty days have passed since an order directed to Mr. Dorsey was returned as undeliverable by the Postal Service. (Dkt. 54.)

This case may be dismissed without prejudice on the alternative basis of failure to prosecute. This is not the preferred resolution because defendants have fully briefed the issues and Mr. Dorsey has had numerous months to respond to their arguments and exhibits.

### CONCLUSION

The Court recommends **GRANTING** defendants' motion to dismiss and (1) **DISMISSING** without prejudice the claims against Llantada, Goodwin, Higgs, Dundersale, Townsend-Vickers, Jones, and Kuritz for failure to satisfy PLRA exhaustion; (2) **DISMISSING** with prejudice the claims against defendants Anderson, McGloughlin, Jones-Vanderleest, Ledgerwood, Pennington, Sanders, and Fleming for failure to state a claim; and (3) **DISMISSING** without prejudice the claims against defendant "Mr. Harvey" for failure to

1 | serve him within 120 days.  Alternatively, the entire lawsuit may be dismissed without prejudice
2 | for failure to prosecute.
3 |       Dated this <u>27th</u> day of November, 2013.

                                                        */s/ Mary Alice Theiler*
Mary Alice Theiler
Chief United States Magistrate Judge